**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

――――――――――――――――――――――X
:
TERESA M. SHEDLER, on behalf of herself and  :
all other similarly situated,   :
:
Plaintiff,   :   Civil Action No.
:
vs.   :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
RICHARD SOKOLOFF d/b/a RICHARD   :
SOKOLOFF ATTORNEY AT LAW,   :
:
Defendant.   :
:
――――――――――――――――――――――X

Plaintiff TERESA M. SHEDLER, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant RICHARD SOKOLOFF d/b/a RICHARD SOKOLOFF ATTORNEY AT LAW ("SOKOLOFF" or "Defendant"), his employees, agents, and successors, the following:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages and declaratory and injunctive

relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant SOKOLOFF is a license attorney operating a law practice in the State of New York with its principle place of business located at 990 S. Second Street, Suite 1, Ronkonkoma, New York 11779.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant, concerning a debt owed to Radiology Assoc. of Ridgewood (the "Original Creditor") in which the collection letter identified an amount owed that was greater than the amount billed by the Original Creditor and/or were sent collection letters which included a collection fee or other charge that was not itemized from the principal balance and/or was not reasonable; or

- All New Jersey consumers who were sent letters and/or notices

       from Defendant, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

- The Class period begins one year prior to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692e(3); 1692e(5); and 1692e(10) 1692f and 1692g;

    b. Whether the initial collection letters included unitemized fees;

    c. Whether Defendant misrepresented the amount of the alleged debt;

    d. Whether the Defendant demanded an amount owed that was greater than the actual balance due;

    e. Whether Defendant, who is not a New Jersey attorney can send collection letters into New Jersey.

    f. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    g. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    h. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to August 19, 2014, Plaintiff allegedly incurred a financial obligation

to Radiology Associates of Ridgewood ("Radiology Associates").

15. The Radiology Associates' obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Radiology Associates' obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Radiology Associates is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. On or about February 10, 2014, Plaintiff went to Radiology Associate's facility for an MRI, which charged $1,354.00 for the MRI procedure.

19. Subsequently, the $1,354.00 balance was reduced by a payment from Plaintiff's health insurance and a managed care discount, leaving a balance due of $585.56.

20. On or about June 23, 2014, Radiology Associates sent Plaintiff a bill in the amount of $585.56. See, Exhibit A.

21. At some time prior to February 10, 2015, the Radiology Associates' obligation became past due.

22. At some point prior to February 10, 2015, the Radiology Associates obligation was referred for collection to SOKOLOFF.

23. On or about February 10, 2015, Plaintiff received a collection letter from SOKOLOFF dated February 10, 2015, a copy of which is attached as Exhibit B.

24. The February 10, 2015 letter indicated a balance due of $731.95.

25. The February 10, 2015 letter indicated in relevant part:

> I HAVE NOT RECEVIED YOUR PAYMENT AS PREVIOUSLY REQUESTED. IF THE ACCOUNT IS NOT DISPUTED, PLEASE FORWARD YOUR PAYMENT TO THE ME AT THE ABOVE ADDRESS AND MAKE PAYABLE TO RICHARD SOKOLOFF, ESQ.

26. The February 10, 2015 letter is signed "Sincerely" by Richard Sokoloff, Esq. and Joseph Packard, Esq.

27. Neither Richard Sokoloff nor Joseph Packard was licensed to practice law in New Jersey at the time the February 10, 2015 letter was sent.

28. The February 10, 2015 letter included the following New York address on the letterhead:

> Richard Sokoloff
> Attorney at Law
> 990 S. Second Street-Suite 1
> RONKONKOMA, NY 11779
> PH: (631) 696-8545 –FAX: 1(888)322-9957

29. The February 10, 2015 letter demanded $146.39 more than the amount demanded by Radiology Associates, and failed to identify the basis for the increased balance due.

30. Plaintiff did not owe the $146.39, or if she did, it was an unreasonable collection fee, cost, or interest.

31. The February 10, 2015 letter was sent to Plaintiff in connection with the collection of the Radiology Associates' obligation.

32. The February 10, 2015 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

33. Defendant's use the February 10, 2015 letter would confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the matter

as an attorney and if so, to what degree of involvement.

34. The overall impression that Defendant's collection letters, the same or substantially similar to Defendant's February 10, 2015 letter, gave to Plaintiff and other similarly situated is that of potential legal action.

35. Defendant's collection letter, the same or substantially similar to Defendant's February 10, 2015 letter, falsely implied that an attorney is meaningfully involved in collecting the consumer debts at issue.

36. The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney reviewed the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

37. Defendant's December 25, 2014 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA. *See* Smith v. Michael Harrison, Esquire, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011).

38. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent..

39. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that was not separately itemized from the principal balance.

40. Within the last year, Defendant sent collection letters to numerous New

Jersey consumers falsely implying that legal action, although neither Defendant nor any attorneys in his office were licensed in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

41. Plaintiff repeats the allegations contained in paragraphs 1 through 40 as if the same were set forth at length.

42. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with his collection attempts against Plaintiff and others similarly situated.

43. By sending collection letters the same as or substantially similar to the February 10, 2015 letter or which identified an amount owed that was greater than the actual balance due and/or an amount due that included a collection or other fee that was not separately itemized from the principal balance, Defendant violated several provisions of the FDCPA, including, but not limited:

   A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

   B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

   C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

 D. 15 U.S.C. § 1692e(3) of the FDCPA by falsely representing or implying that any individual is an attorney or than any communication is from an attorney.

 E. 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken.

 F. 15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

 G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

 H. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

 I. 15 U.S.C. §1692g and 15 U.S.C. §1692g(a)(1), by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

 (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

 (b) Awarding Plaintiff and the Class maximum statutory damages;

 (c) Awarding Plaintiff and the Class actual damages

 (d) Awarding pre-judgment interest;

 (e) Awarding post-judgment interest;

 (f) Awarding reasonable attorneys' fees, costs and expenses; and

 (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated: Rutherford, New Jersey
   February 9, 2016

              Respectfully submitted,


              By: s/ Lawrence C. Hersh
                Lawrence C. Hersh, Esq.
                17 Sylvan Street, Suite 102B
                Rutherford, NJ  07070
                (201) 507-6300
                *Attorney for Plaintiff*


## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

 I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 9, 2016        By: s/ Lawrence C. Hersh
                 Lawrence C. Hersh, Esq

EXHIBIT A

| ACCOUNT NUMBER | DATE OF STATEMENT | | BALANCE | AMOUNT DUE |
|---|---|---|---|---|
| 007993 | 06/23/2014 | PAYMENTS AFTER THIS DATE WILL APPEAR ON YOUR NEXT STATEMENT | | $585.56 |

PATIENT NAME

TERESA M SHEDLER

FINAL NOTICE - We have sent invoices, however your bill remains unpaid. If we do not receive payment or you do not contact us within 30 days of this notice, we may place your account with an outside collection agency.

FOR ADDITIONAL INFORMATION ABOUT OUR SERVICES PLEASE VISIT OUR WEBSITE AT WWW.RIDGEWOODRADIOLOGY.COM

Place of Service: RADIOLOGY ASSOC RIDGEWOOD

MAKE CHECKS PAYABLE TO:

RADIOLOGY ASSOCIATES OF RIDGEWOOD
20 FRANKLIN TPKE
WALDWICK NJ 07463-1744
888/276-1003

**SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION**

Page 1 of 1

| Date | Doctor | Code | Description | Amount |
|---|---|---|---|---|
| 02/10/2014 | | 72148 | MRI LUMBAR SPINE W/O CONT | 1354.00 |
| 03/17/2014 | | 1399 | MANAGED CARE - LIMIT OF ALLOWA | -495.63 |
| 03/17/2014 | | 1313 | OXFORD PAYMENT | -272.81 |

Pay or Access account at http://www.PerYourHealth.com          Access Key:

For questions call, 888/276-1003 and when prompted enter your identification number as follows
QUESTIONS? PLEASE CALL OUR BILLING OFFICE MONDAY THRU FRIDAY 9 AM TO 4 PM. THANK YOU

**PLEASE DETACH AND RETURN THE BOTTOM PORTION WITH PAYMENT**

| ACCOUNT NUMBER | | PATIENT NAME |
|---|---|---|
| | | TERESA M SHEDLER |

RADIOLOGY ASSOCIATES OF RIDGEWOOD
20 FRANKLIN TURNPIKE
WALDWICK NJ 07463

| STATEMENT DATE | AMOUNT DUE | AMOUNT ENCLOSED |
|---|---|---|
| 06/23/2014 | $585.56 | |

Temp-Return Service Requested

To make credit card payments:
www.peryourhealth.com (see statement detail for account number and password) or call 1-888-276-1003

2205

MED574.A4LCHC001212.J0H0K8.007993 007987

MAKE CHECKS PAYABLE AND REMIT TO:

TERESA M SHEDLER

RADIOLOGY ASSOCIATES OF RIDGEWOOD
20 FRANKLIN TPKE
WALDWICK NJ 07463-1744

009511

D5_MDIV

EXHIBIT B



Richard Sokoloff
Attorney at Law
990 S. SECOND STREET-SUITE 1
RONKONKOMA, NY 11779
PH:(631) 696-8545--FAX: 1(888) 322-9957


TERESA M SHEDLER                              February 10, 2015

```
RE................: RADIOLOGY ASSOC. OFRIDGEWOOD,
PATIENT...........: SELF
AMOUNT DUE........: $731.95
```

PLEASE ASK FOR MRS. MOORE AT PH 631-223-7176
OUR ACCOUNT NUMBER:

DEAR TERESA M SHEDLER :

I HAVE NOT RECEIVED YOUR PAYMENT AS PREVIOUSLY REQUESTED.
IF THE ACCOUNT IS NOT DISPUTED, PLEASE FORWARD YOUR PAYMENT TO ME
AT THE ABOVE ADDRESS AND MAKE PAYABLE TO RICHARD SOKOLOFF, ESQ.

IF THE ACCOUNT IS DISPUTED, PLEASE CONTACT MY OFFICE TO ADVISE OF
THE NATURE OF THE DISPUTE.

IF PAYMENT WAS SENT DIRECTLY TO MY CLIENT, PLEASE ADVISE ME
OF THE DATE AND AMOUNT SO THAT MY RECORDS CAN BE ADJUSTED
AND YOUR ACCOUNT CREDITED ACCORDINGLY.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SINCERELY

RICHARD SOKOLOFF, ESQ.                    JOSEPH PACKARD, ESQ.
RS:e02/CL/01/05/15/0800                   RS:e02
-----------------------------------------------------------------
*MY OFFICE ACCEPTS VISA, MASTERCARD, AMEX AND DISCOVER CREDIT   *
*CARDS. TO PAY BY CREDIT CARD PLEAE EITHER CALL MY OFFICE AT    *
* 631-223-7176, OR COMPLETE BELOW AND RETURN IT TO MY OFFICE.   *
-----------------------------------------------------------------
AMOUNT YOU WOULD LIKE TO CHARGE $_____.ATTORNEY ACCT #: 99HPXP
NAME AS IT APPEARS ON CREDIT CARD: _____
ADDRESS THAT STATEMENT IS SENT TO: _____

ACCOUNT NUMBER: _____-_____-_____-_____.EXPIRATION DATE___/___/__

SIGNATURE:_____.TODAYS DATE:___/___/___
DAY TIME PHONE NUMBER:_____-_____-_____

NYC DEPT. OF CONSUMER AFFAIRS #: 1326774