UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERESA M. SHEDLER, on behalf of herself and all other similarly situated, | |
| Plaintiff, | Civil Action No. 16-728 (MCA) (MAH) |
| v. | |
| RICHARD SOKOLOFF d/b/a RICHARD SOKOLOFF ATTORNEY AT LAW, | OPINION |
| Defendant. | |

## I. Introduction

This matter comes before the Court on Plaintiff Theresa M. Shedler's motion for leave to file an Amended Complaint [D.E. 30] to add Joseph Packard, Esq. ("Packard") as a defendant. Defendant, Richard Sokoloff d/b/a Richard Sokoloff Attorney at Law ("Sokoloff"), opposes Plaintiff's motion. [D.E. 32]. The Court has reviewed the motion, opposition, and applicable law. This Court has considered this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below the Court will deny leave to add Packard as a defendant.

## II. Background

This litigation arises out of a debt incurred by Plaintiff from Radiology Associates of Ridgewood ("Radiology Associates"). *See generally*, Complaint, D.E. 1. On or about February 10, 2014, Radiology Associates administered an MRI to Plaintiff for which they charged $1,354.00. *Id.* at ¶ 18. After Plaintiff's health insurance paid its portion, Plaintiff was left with a balance of $585.56. *Id.* at ¶ 19. Sometime prior to February 10, 2015, the balance became past

due and Radiology Associates referred the balance to Sokoloff for collection. *Id.* at ¶¶ 21-22. Thereafter, Plaintiff received a letter from Sokoloff, dated February 10, 2015, which requested that a payment in the amount of $731.95 be remitted to Sokoloff to satisfy Plaintiff's outstanding obligation with Radiology Associates. *Id.* at ¶¶ 23-25. The letter listed the names Richard Sokoloff, Esq. and Joseph Packard, Esq., but is signed only by Sokoloff. *See* Complaint, D.E. 1, Exh. B. According to Plaintiff, the letter demanded $146.39 more than the amount originally requested by Radiology Associates and did not provide an explanation as to why the amount demanded was increased. *Id.* at ¶ 29. Plaintiff now alleges that she does not owe the extra $146.39, or if she does, "it was an unreasonable collection fee, cost, or interest." *Id.* at ¶ 30. Plaintiff brought this action against Sokoloff, alleging multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Plaintiff now seeks leave to file an Amended Complaint to add Packard as a defendant in the present action. *See generally,* Proposed Amended Complaint, D.E. 30-2. Plaintiff seeks to assert her existing FDCPA claims against Packard as an additional defendant. Specifically, Plaintiff alleges that Packard is also subject to liability under the FDCPA because his name is alongside Sokoloff's on the February 10, 2015 collection letter. *Id.*

**III.    Analysis**

The first issue the Court must determine is whether Federal Rule of Civil Procedure 15 or Rule 16 governs the motion to amend. *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its

scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In this case, the Court issued a Scheduling Order on August 30, 2016 [D.E. 8], which gave the parties until March 20, 2017, to file any motion to add new parties or amend pleadings. Plaintiff filed the instant motion on July 20, 2018. Therefore, the first question before the Court is whether good cause exists to adjust the deadline to permit Plaintiff to now file the instant motion.[1]

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); *see also Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point ... the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983

---

[1] On April 10, 2018 Plaintiff filed a letter seeking leave to file a motion to add Packard as a defendant in this matter. *See* D.E. 20. However, Plaintiff's request was not addressed by the Court and the Court set forth a briefing schedule for any motions to dismiss. *See* May 8, 2018 Order, D.E. 21. Plaintiff renewed her request to file a motion to add Packard as a defendant on June 10, 2018. *See* D.E. 24. The Court granted Plaintiff's request and ordered that any such motion shall be filed no later than July 13, 2018. *See* June 13, 2018 Order, D.E. 25. Plaintiff filed a letter requesting a one-week extension, until July 20, 2018, to file the motion [D.E. 28], which the Court granted on July 18, 2018 [D.E. 29]. Plaintiff filed the instant motion on July 20, 2018. Although Plaintiff timely filed the motion on July 20, 2018, Plaintiff's request for leave to file a motion to amend, coming over a year after the deadline to add parties imposed by the scheduling order, does not relieve Plaintiff of the requirement to show good cause under Rule 16.

Amendment); *see also Harrison*, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos*, No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence"). Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. Aug. 8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying

plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n., Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

Here, while Plaintiff makes no specific good cause argument, Plaintiff states that her reason for not seeking to add Packard earlier as a defendant is because Sokoloff only filed bankruptcy on March 14, 2018. Plaintiff states that once she learned Sokoloff had filed for bankruptcy, she quickly requested leave to file the present motion. The Court finds this argument unpersuasive. Plaintiff argues in her motion to amend that while the parties were finalizing the terms of a settlement agreement, Sokoloff filed a Chapter 13 bankruptcy petition and recently sought to convert the bankruptcy to a Chapter 7 liquidation. Accordingly, Plaintiff states that "neither Plaintiff nor the class are likely to get any money from Sokoloff." *See* Opp'n Br., D.E. 30-1, at page 2. However, as stated *supra*, the question before the Court is whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings* 2009 WL 2905471, at *16. Here, Plaintiff bases its proposed claim against Packard on the allegation that Packard's name appeared on the February 10, 2015. *See* Proposed Amended Complaint,

D.E. 30-2, ¶ 27. Indeed, Packard is mentioned by name in the Original Complaint, which states that "[t]he February 10, 2015 letter is signed "Sincerely" by Richard Sokoloff, Esq. and Joseph Packard, Esq." *See* Complaint, D.E. 1, ¶ 26. Therefore, Plaintiff cannot show that she was unaware of Packard's existence at the time she filed this action. Plaintiff's argument that Sokoloff's bankruptcy means she likely cannot recovery any money from him does not explain why she could not have asserted her FDCPA claim against Packard at the time she filed the Original Complaint. The Court, therefore, finds that Plaintiff has not shown good cause exists to amend the scheduling order.[2]

IV. **Conclusion**

---

[2] Moreover, the Court notes that even if Plaintiff had shown good cause to amend the scheduling order, Plaintiff's claims against Packard are futile because they are filed well outside the one-year statute of limitations imposed by the FDCPA. Under the FDCPA, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. Appx. 128, 131 (3rd Cir. 2009) (declining to apply the continuing violation rule to the FDCPA's statute of limitations); *Qureshi v. OPS 9, LLP*, No. 14-1806, 2015 WL 6407883, at *3 (D.N.J. Oct. 21, 2015) (same). Although courts are split on when the statute of limitations begins to run for FDCPA claims, the Third Circuit has recently adopted the "occurrence rule" approach. *See Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (finding that "the text of § 1692k(d) plainly incorporates an occurrence rule."). Under the occurrence rule, the statute of limitations begins to run from "the date the injury actually occurred," rather than the date when a potential plaintiff discovers, or should have discovered, the alleged violation, otherwise knowns as the "discovery rule." *See id.* at 425 (discussing the occurrence rule and the discovery rule).
In this case, Plaintiff alleges that a February 10, 2015 collection letter "falsely implied that an attorney is meaningfully involved in collecting the consumer debt at issue" in violation of the FDCPA. *See* Proposed Amended Complaint, D.E. 30-2, at ¶¶ 33-38. Plaintiff neither alleges an ongoing violation, or argues that her claim against Packard related back to the original complaint under Rule 15(c)(1)(C). Therefore, the alleged violation in this case occurred on February 10, 2015, meaning under the occurrence rule, the statute of limitations to bring a claim based on this alleged violation expired on February 10, 2016. Accordingly, her proposed amendment is time-barred and futile under Rule 15(a).

Based on the foregoing, Plaintiff's motion for leave to amend [D.E. 30] is denied. An appropriate order accompanies this opinion.

                                           **s/ Michael A. Hammer**
                                           **UNITED STATES MAGISTRATE JUDGE**

Dated: September 13, 2018